IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,348-01






EX PARTE EDDIE KEARSE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005CR2907-W1 IN THE 186TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Fourth Court of Appeals affirmed his conviction.
Kearse v. State, No. 04-06-00421-CR (Tex. App. - San Antonio, December 19, 2007, pet. ref'd). 
 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to object to the introduction of the statements of an absent witness to a police officer
as a violation of the Confrontation Clause. Counsel objected to the introduction of the testimony in
question as hearsay, and the trial court overruled the objections, allowing the testimony in under the
excited utterance exception to the hearsay rule. However, there is nothing in the record to indicate
whether counsel made any objection under the Confrontation Clause, and if not, why not. See
Crawford v. Washington, 541 U.S. 36, 69 (2004).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel objected to the
introduction of Melanie Villarreal's statements through the testimony of Officer Stanush on the basis
that such testimony violated Applicant's right to confrontation under Crawford, and if not, why not. 
The trial court shall make findings as to whether the performance of Applicant's trial attorney was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 19, 2009

Do not publish